IN THE SUPREME COURT OF THE STATE OF NEVADA

KENNETH RENFROE,
Appellant,
vs.
BANK OF AMERICA, N.A.,
SUCCESSOR BY MERGER TO BAC
HOME LOANS SERVICING, LP, F/K/A
COUNTRYWIDE HOME LOANS
SERVICING, LP,
Respondent.

No. 77015



FILED

OCT 31 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Michael Villani, Judge, Eighth Judicial District Court, Clark County; Kathy A. Hardcastle, Judge. Reviewing de novo the order granting respondent summary judgment and denying appellant summary judgment, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

The district court correctly granted summary judgment for respondent, as respondent's agent tendered a check for $351.00 and a second check for $421.74 to Nevada Association Services (NAS), the HOA's agent. The HOA's statement of account included the monthly assessment amount at $39.00, but did not include charges for maintenance and nuisance abatement. *See Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 606, 427 P.3d 113, 117 (2019) (stating that, as explained in

_____

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19- 44851

prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). Therefore, the superpriority portion of the lien was nine months of monthly assessments—$351.00. Both checks covered or exceeded that amount. Accordingly, respondent's tenders of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Id.* at 607-12, 427 P.3d at 118-21.

Appellant contends that NAS had a good-faith basis for rejecting the tender—it believed that the letters accompanying both tenders included impermissible conditions that would require NAS to accept an incomplete and inaccurate definition of the superpriority portion of an HOA lien. But NAS's subjective good faith for rejecting the tender is legally irrelevant, as the tender cured the default as to the superpriority portion of the HOA's lien by operation of law. *Id.* at 610-11, 427 P.3d at 120. Because the superpriority portion of the HOA's lien was no longer in default following the tender, the ensuing foreclosure sale was void as to the superpriority portion of the lien, and NAS's basis for rejecting the tender could not validate an otherwise void sale in that respect. *Id.* at 612, 427 P.3d at 121. ("'A foreclosure sale on a mortgage lien after valid tender satisfies that lien is void, as the lien is no longer in default.'" (quoting 1 Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7:21 (6th ed. 2014)); *see* Restatement (Third) of Prop.: Mortgages § 6.4(b) & cmt. c (Am. Law Inst. 1997) (stating that a party's reason for rejecting a tender may be relevant insofar as that party may be liable for money damages but that the reason

for rejection does not alter the tender's legal effect). Accordingly, we conclude that BANA validly tendered the superpriority amount and caused Renfroe to take the property subject to the first deed of trust.

Because the respondent's tender preserved the first deed of trust, we need not consider whether the Federal Foreclosure Bar preserved the first deed of trust here.[2] Additionally, we conclude that appellant forfeited the statute of limitations argument, as it was not raised before the district court. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal."). We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

---

[2]We have considered appellant's remaining arguments and conclude that they are without merit.

cc: Chief Judge, The Eighth Judicial District Court
Hon. Kathy A. Hardcastle, Senior Judge
Noggle Law PLLC
Akerman LLP/Las Vegas
Fennemore Craig P.C./Reno
Eighth District Court Clerk